# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7116 | **DATE** | 10/10/2002 |
| **CASE TITLE** | Hodges vs. Chicago Transit Authority et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's application (Doc 3-1) to proceed in forma pauperis is granted. Plaintiff's motion (Doc 4-1) for appointment of counsel is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | OCT 11 2002 number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE M. HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 C 7116 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, BRUCE TALAGA, RAY RYBACK, PATRICK RYAN, PATRICK DURKIN, and GRACIEIA MONTALVO, | ) ) ) ) | |
| | ) | **DOCKETED** |
| Defendants. | ) | OCT 1 1 2002 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Suzanne Hodges filed this action against the Chicago Transit Authority and several individuals alleging employment discrimination on the basis of race, sex, and national origin in violation of Title VII and employment discrimination in violation of the Americans with Disabilities Act. Before the court are Ms. Hodge's application to proceed *in forma pauperis* and motion for appointed counsel.

Ms. Hodges currently has no income and her assets, if any, do not exceed $1000. Moreover, her liquid assets, if any, do not exceed $200. We grant her leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

In addressing her motion for appointed counsel, we first note that a civil litigant, even though indigent, has no right to appointed counsel. *See Forbes v. Edgar*, 112 F.3d



262, 264 (7th Cir. 1997). A court, however, in its broad discretion can request that an attorney handle the case pursuant to 28 U.S.C. § 1915(d). *Id.* The Seventh Circuit has set forth a non-exclusive list of five factors to be considered in determining whether or not to appoint counsel. They are: "(1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint." *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). We will only evaluate a movant's situation, however, if the movant has made reasonable efforts to retain counsel and was unsuccessful or if the movant was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. In her Motion for Appointment of Counsel, Ms. Hodges leaves completely blank paragraph 2, which explicitly provides space for her to document any efforts to retain counsel. Additionally, the merits of her claim appear problematic at this early stage. Accordingly, we deny her motion for appointment of counsel.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: OCT 1 0 2002